FILED 5 AUG '24 10:34USDC-ORP

Derrick J. Jay
3909 Lindburg Road. SE
Salem Oregon 97302.
Phone # 503-975-6252
Plaintiff, *pro se*

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF OREGON

6:24-cv-1276-HZ

| | |
|---|---|
| Derrick J. Jay<br>Plaintiff,<br>vs.<br><br>John Wentworth,<br>Clackamas County District Attorney,<br>Christine Landers, Deputy DA<br>For Clackamas County at that time and<br>Adrienne A. Chin-Perez Deputy DA<br>For Clackamas County.<br>       Defendants. | 42 USC 1983 Civil Rights Complaint.<br>For violating the Sixth, the Fourth and<br>Fourteenth Amendment of the United<br>States Constitution. |

### INTRODUCTION

This is a civil rights action brought by Derrick J. Jay a citizen of the United States. pursuant to 42 USC § 1983. Plaintiff alleges that the acts and omissions of the Defendants have subjected him to a violation of the Sixth Amendment, by denying him the right to a unanimous jury verdict after a jury trial of 12. Because of this violation the Plaintiff was sentenced to an unlawful sentence. That lead to an Over detention as well as an unlawful imprisonment in violation of the Fourth Amendment. These actions by the Defendants also violated the Plaintiff's due process right under the Fifth and Fourteenth Amendment. The Plaintiff seeks monetary damages to be determined, declaratory judgment and injunctive relief. Plaintiff requests a trial by jury and seeks an award of reasonable costs and attorneys' fees pursuant to 42 USC § 1988.

### JURISDICTION & VENUE

This Court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights,

pursuant to 28 USC §§ 1331(a) and 1343; *Wilkinson v. Dotson,* 544 US 74 (2005); and *Potter v. Washington,* 2007 US Dist. LEXIS 67884 (D Or 9/10/07) (King, J.). Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district. **PARTIES:** Plaintiff, Derrick J. Jay 3909 Lindburg Road, Salem Oregon 97302. Defendants John Wentworth, Clackamas County District Attorney, Defendant Christine Landers Deputy DA employee at 807 Main Street # 7 Oregon City Oregon, 97045. Defendant Christine Landers was always relevant as the prosecuting Attorney at that time while employed by the Clackamas County District Attorney's Office. She is directly involved in the acts and omissions alleged herein and is sued in her individual capacities while under "color of state law". Defendant Adrienne A. Chin-Perez Deputy DA was relevant as the prosecutor who tried to get the Plaintiff to plea out to another illegal sentence. She is directly involved in the acts and omissions alleged herein and is sued in her individual capacities while under "color of state law". Working for Defendant John Wentworth, Clackamas County District Attorney in his Official capacity while under "color of state law" the Employer of Adrienne A. Chin-Perez and Christine Landers.

## CLAIM 1: SIXTH AMENDMENT VIOLATION.
### (A) The right to a unanimous jury verdict

**STATEMENT OF CLAIM 1. Supporting Facts:**

**Fact: 1.** The Plaintiff was arrested and charged by way of an Indictment under Case No CR 0901085. In Clackamas County for the crimes that happen to Jason Lee Gardner on April 14th, 2009, at 12.20pm. As follows: Robbery in the First Degree with a Firearm Count 1(ORS 64.415/161.610). Assault in the First Degree with a Firearm. Count 2 (ORS163.185/161.610). Burglary in the First Degree with a Firearm. Count 3 (ORS 164.225/161.610). Five Counts of

Theft in the First Degree (ORS 164.055) and Three Counts of Theft in the First Degree by Receiving (ORS 164.055). All part of the same criminal episode.

**See Exhibit 1: Indictment**

**Fact 2:** The Defendant Christine Landers was the prosecuting Attorney on behalf of the State. The Plaintiff went to trial and was convicted of 10 Counts. The Plaintiff plead not guilty to those crimes and maintain his innocence throughout all stages of criminal prosecution. The Appealed the process.

**Fact 3: The Plaintiff was found guilty by a Jury of 12.** Robbery in the First Degree with a Firearm Count 1 (ORS 164.415/161.610). Assault in the Second Degree with a Firearm. Count 2 (ORS)163.185/161.610). Burglary in the First Degree with a Firearm. Count 3 (ORS 164.225/161.610). Five Counts of Theft in the First Degree (ORS 164.055) and Two Counts of Theft in the First Degree by Receiving. (ORS 164.055).

**Fact 4:** The Jury verdict on the Primary offense, count 1 of the Indictment. Robbery in the first degree with a firearm was **non-unanimous 11 to 1.**

**See Exhibit 2. Jury Trial transcripts. Page 976 Polling the Jury.**

The Jury acquitted the Plaintiff on Count 2 of the Indictment and found the Plaintiff Guilty of a lesser included offence of Assault in the second degree with the same firearm, unanimously. The jury also found the Plaintiff Guilty of count 3, burglary in the first degree with the same firearm, unanimously. All part of the same criminal episode.

**Fact 5:** Judge Susie L. Norby sentence the Plaintiff to consecutive sentencing illegally violating the Shift to I rule: As Follow: 90 months for the Robbery in the first degree under measure 11. 70 months for the Assault in the second degree under measure 11 and 60 months for burglary in the

first degree 1. A total of 220 months. **See Exhibit 3: Amended Judgment of Conviction and Sentence Record.**

## LEGAL ARGUMENT:

On April 20, 2020, The United States Supreme Court concluded in *Ramos v Louisiana* that a non-unanimous jury verdict is unconstitutional. The *Ramos* decision applies to Claimant's case, because *Ramos* announced a new legal procedure and rule that renders the Claimant's conviction unconstitutional. The United States Supreme Court concluded that the Ramos decision is retroactive.

**Fact 1**: Three decisions by the Oregon Supreme Court on December 30th, 2020, in Watkins v. Ackley, 370 Or. 604 (Or.2022); Huggett v. Kelly, 370 Or. 645 (Or. 2020); Jones v. Brown, 370 Or. 649 (Or. 2022). In Watkins v Ackley 370 Or. 604 (Or .2022). Oregon Supreme Court ruled that the Ramos Decision was retroactive in all cases.

**Fact 2:** The **non-unanimous jury verdict on Count 1** the Primary offense was vacated. Therefore, a mistrial was warranted for that charge only. According to the Sixth Amendment the Plaintiff was entitled to a retrial. But instead, The Plaintiff was sent to prison to serve 220 months. **The Plaintiff filed a successive post-conviction.**

**See Exhibit 4 Post-Conviction petition.**

**Fact 3:** The Post-conviction Court granted relief and The Plaintiff's case was sent back to Clackamas County courts with instructions vacating the Robbery conviction and Resentencing on all counts. **See Exhibit 5 Stipulated judgement.**

**Fact 4:** While sitting in Clackamas County Jail the Plaintiff requested a new trial over and over and was not given a new trial. But instead, on behalf of the State, the prosecuting attorney dismissed the Robbery charge under Case No.CR 0901085. the Plaintiff was resentenced on the remaining charges. **See Exhibit 6 Judgment of the Court. Page 4. Where the court applied the shift to I rule lawfully.**

The Plaintiff was transferred back to the Oregon Department of Corrections. Pending re computation or re calculations from the resentencing judgement. The Plaintiff was immediately released from custody with no obligations to the State.

## CLAIM 1. FOURTH AMENDMENT VIOLATION. FALSE IMPRISONMENT CLAIM
**(A). Protection against unreasonable searches and seizures.**

### STATEMENT OF CLAIM:

**The Fourth Amendment protects against unreasonable "Search and seizures".**

The Defendants had probable cause to prosecute the Plaintiff. But once the jury verdict was hung 11 to 1 a mistrial was warranted. The Sixth Amendment of the United States Constitution requires either a dismissal or to retry the Plaintiff, not to send the Plaintiff to prison. The Plaintiff was sentenced to 220 months 18 and a half years. The Plaintiff's maximum release date was 8-3-2029. **See Exhibit 7. Oregon Department of Corrections. Face Sheet page 1 and 2.**

After the post-conviction proceedings. The Primary offense in the Plaintiff's case, Robbery in the first degree was vacated then later dismissed on motion of the prosecuting attorney. After the prosecutor repeatedly tried to make the Plaintiff plea out to justify the **over detention**. The Plaintiff requested a trial and never received a trial. The Plaintiff was resentenced on the remaining charges. On April 4th, 2024. After the Oregon Department of Corrections calculations from the resentencing Order. The Plaintiff's release date was back on 5-24-2020.

**See Exhibit 8. Oregon Department of Corrections. Face Sheet page 1, 2 and 3. Projective release date. Page 3.**

**Fact 1:** The Plaintiff was finally released from Coffee Creek Correctional Institution. On April 18th, 2024. With no obligations. No probation or parole. **See Exhibit 9. Oregon Department of Corrections Information Systems**

**Fact 2**: Once released from the DOC the Plaintiff had served approximately close to 178 months. 38 months over his projective release date of 5-24-2020. Therefore, the time of confinement the Plaintiff served over his release date in the Oregon Department of Corrections was unlawful. The imprisonment of the Plaintiff was without legal process. A False imprisonment. A violation of the Fourth Amendment.

**CLAIM 3. FOURTEENTH AND FIFTH AMENDMENT VIOLATION.**

**(A) Due Process Violation and Fundament fairness under the Fifth Amendment.**

The Sixth, Fifth and Fourth Amendments are guaranteed and protected throughout all States by the Due-process clause of the Fourteenth Amendment of the United States Constitution. The Plaintiff was denied due process in violation of the Fifth and Fourteenth Amendment.

**CONCLUSION:**

The actions by the defendants violated the Plaintiff's Sixth, Fourth Fifth and Fourteenth Amendments of the United States Constitution. The Plaintiff was falsely imprisoned for a period of 38 months, 3 and a half years. The Plaintiff suffered and lost a significant amount of his life due to the Prosecutor violating the Plaintiff's Fourth Amendment right. The Fourth Amendment protects against unreasonable "Search and seizures". And that right is clearly established at the time of the Plaintiff's resentence.

**CLAIM FOR RELIEF: The Plaintiff is seeking 3 million US Dollars for every year of the**

**Plaintiff's False imprisonment. A Total sum of 9 million US Dollars.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will enter a judgment in his favor, and against Defendants, as follows:

A. Issue a declaratory judgment stating that Defendants violated Plaintiff's rights under the United States Constitutions in the manner and to the extent alleged herein.

B. Issue an injunction permanently enjoining Defendants and their agents and employees from subjecting Plaintiff to conduct of the type and degree alleged herein.

C. Grant Plaintiff compensatory damages for, among many things,

D. Grant Plaintiff non-economic compensatory damages for emotional distress, pain, mental suffering, humiliation, loss of comfort.

E. Grant Plaintiff punitive damages against Defendants, jointly and severally in an amount to be determined.

F. Grant Plaintiff such other relief as is equitable and just.

G. A jury trial on all issues triable by jury.

**Pursuant to 28 U.S.C. § 1746(2), I hereby verify and declare under penalty of perjury that the foregoing is true and correct.**

DATED this __2__ day of __August__, 2024.

Respectfully submitted, _Derrick Jay_

Derrick J. Jay
3909 Lindburg Road. SE
Salem Oregon 97302.
Phone # 503-975-6252
Plaintiff, *pro se*